IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XBYTE TECHNOLOGIES, INC.,
a Florida corporation,

    Plaintiff,

vs.                                    Case No.

XBYTE TECHNOLOGIES, LLC,
a Utah limited liability company,
and KYLE JACOBS, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, xByte Technologies, Inc., ("xByte") by and through its undersigned counsel, sues Defendants, XByte Technologies, LLC, a Utah limited liability company (the "Utah Clone"), and Kyle Jacobs ("Jacobs") (collectively, "Defendants"), and allege as follows:

## PARTIES

1. xByte is a Florida corporation with its principal place of business in Bradenton, Florida. It was originally formed in 2002 under the name This Old Store, Inc., and it changed its name to xByte Technologies, Inc. in 2013. Thomas Santilli is the CEO, and Stephen Jaynes is the CFO of xByte.

2. The Utah Clone (xByte Technologies, LLC) is a Utah limited liability company registered to a home located at 1403 E 10600 S, Sandy, Utah 84092. Upon information and belief, the Utah Clone was created by the filing of a

Certificate of Organization with the Utah Secretary of State on or about August 28, 2023. Upon information and belief, the Certificate of Organization for the Utah Clone was filed by Jacobs.

3. Jacobs is the registered agent and manager for the Utah Clone and resides a 1403 E 10600 S, Sandy, Utah 84092.

## JURISDICTION AND VENUE

4. This is an action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the "Lanham Act") and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, as it involves claims arising under the Lanham Act.

5. This Court further has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 inasmuch as there is complete diversity between the parties and the amount at issue exceeds $75,000.

6. Upon information and belief, this Court has personal jurisdiction over the Utah Clone because it was doing business in the state of Florida and engaged in a tort in the state of Florida.

7. Venue is proper in this Court under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. xByte is a Florida corporation with its principal place of business in Bradenton, Florida. It was originally formed in 2002 under the name This Old Store, Inc., and it changed its name to xByte Technologies, Inc. in 2013. Thomas

Santilli is the CEO, and Stephen Jaynes is the CFO of xByte. A copy of the 2025 Annual Report for xByte is attached hereto as **Exhibit 1**.

9. Over the last decade, xByte has become successful as a premier reseller of Enterprise IT equipment, specializing in Dell servers, storage, networking and parts. It has established a valuable reputation in the industry. xByte operates its business in part through a website at www.xbyte.com and the phone number (941)358-9770.

10. xByte owns an incontestable registration for the mark "xByte Technologies," U.S. Registration No. 4567319 issued on July 15, 2014. A copy of the Registration Certificate is attached hereto as **Exhibit 2**.

11. In December 2024, xByte was contacted by Louis Hopkins of Summit Funding Group, during which Mr. Hopkins explained that an individual was applying for credit for xByte using fraudulent xByte invoices and purporting to be an employee of xByte.

12. On subsequent investigation, xByte discovered that Jacobs had filed a Certificate of Organization in Utah on or about Augst 28, 2023 for a company named "xByte Technologies, LLC." A copy of the Certificate of Organization for the Utah Clone is attached hereto as **Exhibit 3**.

13. The Utah Clone has identified its address as 1403 E 10600 S, Sandy, Utah 84092. The Utah Clone has identified Jacobs as the agent for service of process at that address.

14. During the investigation, Jacobs also confirmed that the Utah Clone generated and used fraudulent xByte invoices. Copies of those invoices are attached hereto as **Exhibit 4**. He also confirmed that the Utah Clone used the phone number (941)312-7201.

15. xByte has been approached by three different companies who indicated that they have been approached by Jacobs impersonating the employee of xByte in an attempt to obtain credit on behalf of the Utah Clone. In each of these cases, Jacobs has asserted that he is acting on behalf of xByte.

16. In at least one of these cases, Jacobs was successful in defrauding the company.

**Count I -Trademark Infringement Under §32 of the Lanham Act**

17. xByte repeats, realleges, and reincorporates the allegations in paragraphs 1 through 16 as if fully set forth herein.

18. xByte is the owner of the '319 Registration for the mark xByte Technologies, which is incontestable and registered on the Principal Register.

19. xByte has been using the XByte Technologies mark in interstate commerce since at least July 2014.

20. xByte's mark is distinctive and has become renown as a symbol for xByte's quality services throughout the United States (and beyond).

21. Defendants' actions as described herein constitute trademark infringement, including xByte's rights under the '319 Registration pursuant to 15 U.S.C. § 1114, in that Defendants' use of the xByte Technologies mark creates a

4

likelihood of confusion among relevant parties as to the source, origin, or association of parties, or is likely to cause mistake or to deceive.

22. Defendants were aware of xByte's mark when they committed the acts as alleged herein and intended to profit from and appropriate the goodwill and name recognition that xByte has established in the mark for over a decade.

23. Defendants committed their acts of infringement in willful and flagrant disregard of xByte's lawful rights.

24. Defendants will, if not enjoined by this Court, continue their acts of trademark infringement as set forth above

25. Defendants' trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of xByte's registered mark, as well as damages and irreparable injury to xByte's business, goodwill, and reputation. xByte has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Defendants' continued use of the mark is deliberate, willful, fraudulent, and constitutes knowing infringement of the mark, and makes this case exceptional.

26. By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), xByte is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants and any officers, agents, assigns, and employees from using xByte's mark or any other confusingly similar marks in the advertising, marketing, or sale

of products or services or in registering or operating any entity or in soliciting any credit.

27. By virtue of the foregoing, Defendant's conduct is and has been exceptional and xByte is entitled to an award of treble damages and attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

28. By virtue of the foregoing, xByte is entitled to monetary damages, together with interest thereon, including an award of xByte's sustained damages and Defendants' profits realized under the mark.

## Count II - Unfair Competition and False Designation of Origin Under § 43 of the Lanham Act

29. xByte repeats, realleges, and reincorporates the allegations in paragraphs 1 through 16 as if fully set forth herein.

30. xByte has been using the name and mark xByte Technologies continuously since at least July 2014 and accordingly has developed common law rights therein.

31. Defendants' actions of using xByte Technologies name and mark as described herein in their advertising, marketing, and selling of products and services constitutes a violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), on the ground that it creates a likelihood of confusion as to the source, origin, or association of the parties, and further on the grounds that such usage induces, or is likely to induce, prospective purchasers and other to believe that

Defendants' services and products are performed, manufactured, endorsed, approved by, or otherwise connected in some way with xByte.

32. Defendants were aware of xByte's mark when they committed their acts of infringement and intended to profit from and appropriate the goodwill and name recognition that xByte has established in the mark for over a decade.

33. Defendants intend to cause confusion and mistake and intend to deceive third parties into believing that they are dealing with an entity that is connected to, affiliated with, or owned by xByte.

34. Defendants' actions as alleged herein infringe xByte's common law and registered trademark rights under federal common law, Florida law, and constitute acts of unfair competition.

35. Defendants will, if not enjoined by this Court, continue their acts of trademark infringement as set forth above. Such improper acts have caused and will continue to cause xByte immediate and irreparable harm.

36. By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), xByte is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants and any officers, agents, assigns, and employees from using xByte's mark or any other confusingly similar marks in the advertising, marketing, or sale of products or services or in registering or operating any entity or in soliciting any credit.

37. By virtue of the foregoing, xByte has suffered damages, the exact amount of which it has not yet been able to determine but which it believes are in excess of $75,000, and is entitled to recover Defendants' profits, sustained damages, and its costs under 15 U.S.C. § 1117.

38. By reason of the foregoing, and pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendants' conduct is and has been exceptional, and xByte is also entitled to injunctive relief, attorneys' fees, treble damages, together with interest thereon, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Enjoining Defendants, and all other persons participating or acting in concert with them, from all acts of trademark infringement, unfair competition, and/or any other wrongful conduct alleged in this Complaint;

2. An order from the Court directing Defendants to provide an accounting of all revenues and profits gained by Defendants while engaging in the acts complained of in this Complaint;

3. An order from the Court, pursuant to 15 U.S.C. § 1125, directing Defendants to forfeit or cancel their domain name or to transfer the domain name to xByte, the owner of the mark;

4. Awarding Plaintiff its actual damages and any additional damages the court deems just and equitable under the circumstances (or, in the alternative, statutory damages);

5. Awarding Plaintiff treble damages and attorneys' fees for Defendant's deliberate and willful misconduct;

6. Awarding Plaintiff prejudgment and post-judgment interest;

7. Awarding Plaintiff allowable costs; and

8. For such other and further relief as the Court deems proper.

DATED this 28TH day of March, 2025.

/s/ Amy L. Drushal
Amy L. Drushal
Florida Bar No. 546895
aldrushal@trenam.com
kkovach@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Tel: 813-223-7474
*Attorneys for xByte Technologies, Inc.*